In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00097-CR**
_____

**STEVEN JENNINGS ORMSBEE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-07-07908-CR**

**MEMORANDUM OPINION**

In this appeal, Steven Jennings Ormsbee's court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced to support Ormsbee's appeal from his conviction for assaulting C.S.,[1] his

---

[1] To protect the victim's privacy, we identify her by using her initials. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

1

girlfriend. *See* Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2018). Following Ormsbee's conviction, the trial court sentenced Ormsbee to a fifteen-year sentence because his conviction for assaulting C.S. subjected him to the punishment available for third-degree felonies based on his stipulation admitting that he had been previously convicted for assaulting a family member.[2] The third-degree felony was further enhanced based on Ormsbee's plea of true to the allegation in his indictment that he had a prior conviction for robbery.[3] *See* Tex. Penal Code Ann. § 12.42(a) (West Supp. 2018). Based on our review of the record, we agree that no arguable issues exist to support Ormsbee's appeal.

On appeal, Ormsbee's counsel filed a brief presenting counsel's professional evaluation of the record. In the brief, Ormsbee's counsel concludes that Ormsbee's appeal is frivolous because no meritorious issues can be argued to support it. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After Ormsbee's counsel filed his brief, we granted an extension of time to allow Ormsbee to file a *pro se* response. However, he did not do so.

---

[2] Ormsbee signed a stipulation prior to his trial that in 2015, he was convicted for assaulting a family member in Cause Number 143503701010, a case filed in Harris County.

[3] Ormsbee admitted during the punishment phase of his trial that in 2005 he was convicted of robbery in Cause Number 103761001010, a case filed in Harris County.

After reviewing the appellate record and the *Anders* brief filed by Ormsbee's counsel, we agree with counsel's conclusion that any appeal would be frivolous. Therefore, we need not order the appointment of new counsel to re-brief Ormsbee's appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal). Accordingly, we affirm the trial court's judgment.[4]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 13, 2018
Opinion Delivered October 31, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[4] Ormsbee may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.